UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

LISA R. YANCEY,

        Plaintiff,

v.                                                                              Case No. 10-CV-42

MILWAUKEE COUNTY SHERIFF,
JUDGE GUOLEE,
FEDERAL GOVERNMENT,
CHANNEL 6 NEWS,
CHANNEL 4 NEWS, and
CHANNEL 12 NEWS,

        Defendants.
_____

## ORDER

On January 15, 2010, plaintiff filed suit in this case alleging various claims (most of them wholly unrelated in any way to each other) against the several defendants. Simultaneously, plaintiff filed a Motion for Leave to Proceed in forma pauperis (Docket #2) in this matter. For the reasons stated herein, the court finds that plaintiff is not entitled to proceed in forma pauperis ("IFP"), and that several of the defendants must be dismissed from this action.

Plaintiff Lisa Yancey has a prodigious history of filing meritless actions in the various branches of the U.S. District Court for the Eastern District of Wisconsin. Indeed, this is the eighteenth case she has filed with the district court since November 30, 2007.[1] Her cases are consistently without merit, often redundant, and

---

[1] She has also filed numerous frivolous cases in the U.S. Bankruptcy Court for the Eastern District of Wisconsin.

– one might reasonably conclude – brought for the sole purpose of harassing the various named defendants. One of Yancey's most common tactics is to continue filing frivolous motions and documents, even after judgment has been rendered. In response to Yancey's frivolous filings and abusive tactics, one of my colleagues, Judge Charles N. Clevert – in an effort to curb the excessive waste of resources Yancey was causing – issued, in case number 08-CV-738, the following warning to Yancey:

> The court hereby informs Yancey that with her recent filing of excessive cases that have no business being in federal court and her disregard for truthfulness to and instructions from the court, she has abused the court system and impeded the functioning of this court. In the event Yancey files an additional case in this district which the court determines to be frivolous, lacking in subject matter jurisdiction, or barred by abstention principles or res judicata, this court reserves the right to sanction Yancey. Such a sanction may include the denial or revocation of in forma pauperis status, monetary sanctions, or even a bar to the filing fo future cases or documents in this district.

*Yancey v. Murray, et al.*, 08-CV-738 (E.D. Wis. Oct. 15, 2008).

Less than one month following Judge Clevert's warning, Yancey filed three additional patently frivolous cases, 08-CV-967, 08-CV-968, and 08-CV-969. In 08-CV-968, Yancey attempted to sue Milwaukee County Circuit Court Judges Elsa Lamelas and Mel Flanagan for monetary damages for actions they took in their capacity as judges. Because "[a]bsolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of performance of their

judicial functions," *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004), Judge Clevert dismissed the case sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

True to his warning, issued in 08-CV-738, Judge Clevert not only dismissed the action filed in 08-CV-968, he also ordered that Yancey be barred, for a period of one year, from proceeding in forma pauperis in any action filed in this district except habeas corpus cases and cases over which a federal court arguably has subject matter jurisdiction involving claims of imminent danger or serious physical injury. As a consequence, Yancey was denied IFP status in cases numbered 08-CV-967 and 08-CV-969, both of which were ultimately dismissed for failure to pay the filing fee.[3]

It appears that Judge Clevert's order banning Yancey from proceeding IFP was effective in preventing frivolous filings from her during the term of the ban (she did not file any cases while the ban was in place). That said, it is equally apparent that Judge Clevert's admonitions and order were not effective in discouraging Yancey from filing frivolous motions once the ban's one year term expired. To be sure, Yancey filed the instant case just over two months after the expiration of Judge Clevert's ban.

---

[2] 28 U.S.C. § 1915(e)(2) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
    (i)   is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Of course, true to form, the dismissal of Yancey's cases did not end her harassment of the court. She continued filing various frivolous motions and letters that succeeded only in further wasting the court's limited time and resources.

In the instant case, Yancey asserts claims against various defendants. One of the named defendants is Milwaukee County Circuit Court Judge Michael Guolee. She is seeking to sue him for monetary damages for ordering that her house be sold (presumably in a foreclosure action), and giving her six months to redeem the property before the sale date. Taking all of the facts in the complaint in Yancey's favor, her allegations against Judge Guolee clearly relate to his actions taken as a judge. Yancey is fully aware, as a result of her case against Judges Lamelas and Flanagan, that Judge Guolee has absolute judicial immunity from civil damages arising out of his performance of his judicial functions. Thus, Yancey knew at the time she filed her claim against Judge Guolee that such claim was barred. Yancey's actions demonstrate an aggressively wanton disregard for the court's several admonitions to cease filing frivolous actions.

Yancey's present action is troubling for yet another reason as well. On the form she used to file her complaint, Yancey was asked "Have you begun other lawsuits in state or federal court?" She checked "YES." However, the next line instructs that if she checked "YES," she is required to provide the requested information about each of any other cases as well. The instruction is so specific as to say: "If there is more than one lawsuit, describe each additional one on a separate sheet of paper, using the same outline." Contrary to this instruction, Yancey only included information – incomplete as it was – regarding one of her previous suits. She provided no information regarding any of her other suits, nor did she even

-4-

inform the court that such previous cases existed.[4]  Such action by any plaintiff would be troubling to the court.  Such action by a plaintiff with such a nefarious filing history is of course particularly troubling. Such action from Yancey, however, is even more problematic.  In case 08-CV-738, Judge Clevert noted that Yancey had repeatedly checked the "NO" box in response to the question of whether she had begun other lawsuits in state or federal court.  He explained to Yancey that such dishonesty with the court is sanctionable, and he cited this dishonesty as one of the reasons for the warning he issued in that case.  Yancey's actions in the instant case – checking the box "YES," but then attempting to mislead the court as to the number and identity of her previous cases – is no less dishonest than the actions Judge Clevert specifically warned her about.

It is abundantly clear that Yancey is resolute in her intentions to use the court merely as a mechanism for harassment.  She apparently has no intention of allowing honesty, rules, or even court orders, to stand in the way of her illegitimate schemes. Faced with such a situation, the court is left with no choice but to impose sanctions sufficient to prevent such behavior.   This is necessary to protect the would be future victims of Yancey's frivolous filings, as well as to protect the court's own limited resources, thus ensuring such resources may be directed to resolving legitimate disputes. *See People of the State of Colo. v. Carter*, 678, F. Supp. 1484, 1486 (D.

---

[4] The court is aware of Yancey's history because Judge Clevert wisely directed the clerk's office to provide a copy of his order, issued in case 08-CV-968, to any judge in this district to whom a case of Yancey's is assigned.

Colo. 1986) ("Federal courts have a clear obligation to exercise their authority to protect litigants from [harassing, abusive, and meritless litigations].").

Clearly a one year ban on proceeding in forma pauperis is not stringent enough sanction. *See U.S. ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669 (7th Cir. 1995) (holding that where sanctions fail to curb filer's abuse of the courts, more stringent sanctions are necessary). In determining an appropriate sanction, the court must be mindful that "any sanction imposed by a federal court for the abuse of its processes [must] be tailored to the abuse." *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 187 (7th Cir. 1995) (*citing In re Anderson*, 511 U.S. 364, 365-66 (1994)). Yancey's particular abuses lie in filing clearly meritless suits while attempting to rely on IFP status to prevent her from having to pay the filing fee for claims she knows to be meritless. An injunction preventing her from seeking IFP status would be a sanction tailored to deal with such manner of abuse. Indeed, such an injunction would clearly be effective as well, as demonstrated by the lack of meritless filings submitted by Yancey during the term of the one year ban imposed by Judge Clevert. Such an injunction would also be preferential to enjoining Yancey from filing any paper with the court without express authorization by a judge, because that type of injunction "allows the barrage to continue, just with different labels on the filings." *Support Systems Int'l*, 45 F.3d at 186. It could be argued that the court should not resort to such a remedy without first attempting to use less draconian means, such as monetary sanctions. However, given that Yancey has

declared bankruptcy numerous times and claims indigency, it is likely that the imposition of monetary sanctions would have very limited deterrence.

Given that the court finds that imposition of an injunction preventing Yancey from seeking in forma pauperis status is the appropriate form of sanction, leaving only the question of the length of time that such injunction should be effective. It is clear that a one year injunction is too short (given Judge Clevert's previous attempt). It is also clear, unfortunately, that a permanent injunction is too much. *See Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008) (holding that injunction permanently preventing plaintiff from obtaining in forma pauperis status was overbroad) (*cited approvingly in Chapman v. Executive Committee of U.S. Dist. Court for Northern District of Illinois*, 342 Fed. Appx. 500, 502 (7th Cir. 2009)). Something less, however, is clearly permissible. In *Support Systems Int'l*, the Seventh Circuit barred a plaintiff from filing any new suits (not just IFP) unless he paid previously imposed monetary sanctions; the court permitted the plaintiff to request review of the filing bar in two years from the date of the order. This court will adopt the imposition of a three year bar, but does not have any interest in receiving "requests for review" from Yancey. Thus, rather than impose a bar that plaintiff can request be lifted in three years, the court will impose a bar on IFP filings that automatically lifts in three years. At the same time, in order to deter further frivolous filings by Yancey, the court will also impose an order, effective for the next ten years, sanctioning Yancey $100 for every patently frivolous document filed with the court, and $500 for every case

-7-

Yancey files that is dismissed as frivolous for lack of subject matter jurisdiction, untimeliness, or failure to state a claim – unless the judge so dismissing clearly states that there was a good faith argument against dismissal.

Turning to the merits of her case, in addition to the claim against Judge Guolee, Yancey's instant case alleges claims against the Federal Government, Channel 6 News, Channel 4 News, Channel 12 News, and the Milwaukee County Sheriff's Office. She alleges that the Federal Government at 517 East Wisconsin Ave, Milwaukee, WI 53202 (the address of the federal courthouse) has been following her and evicting her. Presumably she is referring to her bankruptcy proceedings. She has not properly brought a bankruptcy appeal before this court, nor has she stated any claim against the United States. This claim and defendant must, therefore, be dismissed. She alleges that each of the named news channels has failed to investigate and air a story about the foreclosure of her home. Such allegations do not state a federal cause of action. These claims and defendants must, therefore, be dismissed. Yancey alleges that the Milwaukee County Sheriff's Office falsely imprisoned her. At the present time, the court does not have sufficient information as to this claim in order to rule definitively that it must be dismissed, thus, if Yancey wants to proceed on her claim against the Milwaukee County Sheriff's Office, she may do so by paying the applicable filing fee. If she does not pay the applicable filing fee, this case will be dismissed for failure to pay the required filing fee.

For the foregoing reasons, the following defendants are dismissed from this case, as are the claims asserted against them: Judge Michael Guolee, the Federal Government, Channel 4 News, Channel 6 News, and Channel 12 News. Because of the baselessness of the claims asserted by Yancey, coupled with her extensive history of filing such claims – despite ample warnings to cease doing so – the court finds it appropriate to impose sanctions on Yancey. The sanctions imposed by the court are incrementally stricter than those previously imposed, yet are narrowly tailored to deal with Yancey's specific brand of abuse. Yancey shall be barred from seeking IFP status in this court for three years. Further, for the duration of ten years, Yancey will be fined $100 for every frivolous document filed, and $500 for every case dismissed as frivolous for lack of subject matter jurisdiction, untimeliness, or failure to state a claim – unless the judge so dismissing clearly states that there was a good faith argument against dismissal.

Accordingly,

**IT IS ORDERED** that defendants Judge Michael Guolee, the Federal Government, Channel 4 News, Channel 6 News, and Channel 12 News be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that the claims alleged against defendants Judge Michael Guolee, the Federal Government, Channel 4 News, Channel 6 News, and Channel 12 News be and the same are hereby **DISMISSED** with **PREJUDICE**; and

-9-

Case 2:10-cv-00042-JPS   Filed 02/02/10   Page 9 of 10   Document 4

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that for a period of three years Yancey is barred from proceeding in forma pauperis in this district in any future matters except habeas corpus cases and cases over which the federal court arguably has subject matter jurisdiction involving claims of imminent danger of serious physical injury; and

**IT IS FURTHER ORDERED** that for a period of ten years, Yancey shall be fined $100 for every frivolous document filed with the U.S. District Court for the Eastern District of Wisconsin, and $500 for every case she files in said court that is dismissed as frivolous, or for lack of subject matter jurisdiction, untimeliness, or failure to state a claim – unless the judge so dismissing clearly states that there was a good faith argument against dismissal.

Dated at Milwaukee, Wisconsin, this 2nd day of February 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge